**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LISANIA D. ARIAS, ELISA ARIAS, and LAURY   :
BELTRAN,

                 Plaintiffs,   :

                                                     :

    -against-                                   :

JACOB HANOCKA, KAYLA HANOCKA, and JOHN  :
DOE,

                                    :

                  Defendants.   :

                                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

18 Civ. 10648 (GBD)

GEORGE B. DANIELS, United States District Judge:

       Plaintiffs Lisania D. Arias, Elisa Arias, and Laury Beltran brought this action against

Defendants Jacob Hanocka, Kayla Hanocka, and John Doe for personal injuries arising from a

motor vehicle accident.  In this action, Defendants Jacob and Kayla Hanocka asserted a

counterclaim  against Plaintiff Elisa Arias for negligence.  (Verified Counterclaim

("Counterclaim"), ECF No. 11.)  Plaintiff Elisa Arias moves to dismiss the Counterclaim under

Federal Rule of Civil Procedure Rule 12(c).  (Notice of Mot. for J. on the Pleadings Pursuant to

Fed. R. Civ. P. 12(c), ECF No. 30.)

## I.   FACTUAL BACKGROUND

       In the late evening hours of February 21, 2017, Plaintiffs were in a parked car on Laconia

Avenue in the Bronx when their car was struck by another car being driven by one of the

Defendants.  (Compl., ECF No. 1-1, ¶¶ 21–25; Defendants' Affirmation in Opposition ("Opp'n"),

ECF No. 35, ¶ 3.)  Plaintiffs allege that the collision caused them serious injury.  (Compl. ¶¶ 26,

43, 60.)  On October 1, 2018, Plaintiffs filed suit in the Bronx County Supreme Court alleging

negligence.  (Notice of Removal, ECF No. 1.)  The case was removed to this Court on November

1

15, 2018, on the basis of diversity jurisdiction. (*Id.*) In January 2019, Plaintiffs Elisa Arias and Laury Beltran settled their claims against Defendants for \$40,000 and \$60,000, respectively. (Opp'n ¶ 9.) According to Defendants, general releases and a proposed stipulation dismissing the claims of the two settling Plaintiffs from the action ("Stipulation") "were prepared at that time," but not filed. (*Id.*)

On March 19, 2019, Defendants filed a Counterclaim against Plaintiff Elisa Arias seeking contribution for injuries or damages sustained by the remaining Plaintiff, Lisania Arias. (*Id.* ¶ 10.) The executed Stipulation was filed with this Court on June 18, 2019, (Stipulation of Discontinuance, ECF No. 13). Plaintiff Elisa Arias answered the Defendants' Counterclaim in March 2020. (Reply to Counterclaim, ECF No. 24.)

Plaintiff Elisa Arias now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) seeking dismissal of Defendants' Counterclaim. Specifically, she argues that the Counterclaim is barred by the Stipulation of dismissal agreed to by the parties. (Plaintiff's Mem. of Law in Supp. of Mot. for J. on the Pleadings ("Mem. in Supp.") ECF No. 32 at 2.) Plaintiff's motion is GRANTED.

## II.   LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the [nonmoving party's pleading] as true and drawing all reasonable inferences in the nonmoving party's favor." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (internal quotation marks omitted). Therefore, to survive a motion pursuant to Rule 12(c), a complaint or counterclaim must

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).

On a Rule 12(c) motion, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted). The complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (internal quotation marks omitted).

## III.   DEFENDANTS' COUNTERCLAIM IS EXTINGUISHED BY THE STIPULATION

Plaintiff argues that the Counterclaim asserted by the Defendants is barred by the Stipulation of dismissal signed by counsel for the parties in January 2019 and filed with the Court on June 18, 2019. (Mem. in Supp. at 4–6; Answer ¶ 4.) In relevant part, the Stipulation states "the above entitled action [is] discontinued with prejudice regarding plaintiffs ELISA ARIAS and LAURY BELTRAN's actions only and without costs to either party as against the other."[1] Defendants admit that the Stipulation "specifically and unequivocally discontinues plaintiff[] ELISA ARIAS and plaintiff LAURY BELTAN's [sic] actions," (Opp'n ¶ 16), but maintain that the counterclaim asserted against Elisa Arias "remains an active claim" because it "seeks

---

[1] The Stipulation was appended to Plaintiff Elisa Arias's answer to the Counterclaim and therefore can be properly considered by this Court on a Rule 12(c) motion. *See L-7 Designs, Inc.*, 647 F.3d at 422.

contribution for injuries/damages sustained by plaintiff LISANIA D. ARIAS" who was not covered by the Stipulation, (*Id.* ¶ 17.) Defendants' argument is unavailing.

Federal Rule of Civil Procedure 41(a)(1)(ii) requires that a stipulation of dismissal be filed in court. The date of filing is the date the dismissal takes effect. *Orsini v. Kugel*, 9 F.3d 1042, 1045 (2d Cir. 1993) (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985)). Here, the executed Stipulation was filed on June 18, 2019, giving it effect nearly three months after Defendants filed their Counterclaim. The Stipulation broadly states that the "action" as to Plaintiff Elisa Arias is "discontinued with prejudice." An action "in the sense of a judicial proceeding includes recoupment, *counterclaim*, set-off, suit in equity, and any other proceeding in which rights are determined." *See* ACTION, Black's Law Dictionary (11th ed. 2019) (emphasis added). The Stipulation also terminated the lawsuit "without costs to either party as against the other." The Stipulation therefore entirely removed Plaintiff Elisa Arias from the case and extinguished the legal dispute, including the Counterclaim asserted by Defendants against her.

Defendants further suggest that the Counterclaim against Plaintiff Elisa Arias should be "converted into a third party action to avoid any confusion." (Opp'n ¶ 20.) But this misses the point of a stipulation of discontinuance with prejudice. As the Second Circuit has made clear, "a stipulation of dismissal 'with prejudice' as to a pending action is unambiguous" and is "a final adjudication on the merits for res judicata purposes on the claims asserted or which could have been asserted in the suit." *Israel v. Carpenter*, 120 F.3d 361, 365 (2d Cir. 1997) (quoting *NBI Broad., Inc. v. Sheridan Broad. Networks, Inc.*, 105 F.3d 72, 78 (2d Cir. 1997)). Accordingly, Defendant is precluded from bringing future suits based upon the same cause of action.[2]

---

[2] Even if the Counterclaim was not precluded by the Stipulation, it is dismissed because it sets forth only conclusory allegations. It simply alleges that if Plaintiff Lisania Arias was caused to sustain injuries it was due, in whole or in part, to the "carelessness, recklessness and negligence and/or negligent acts of

4

## IV.   CONCLUSION

Plaintiff Elisa Arias' motion for judgment on the pleadings, (ECF No. 30), is GRANTED.

The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       December 10, 2020

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

---

omission or commission" by Plaintiff Elisa Arias. The Counterclaim asserts no facts as to what Plaintiff Elisa Arias may have done to make these bare legal conclusions any more plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (factual allegations in complaint must "be enough to raise a right to relief above the speculative level"); *Gerdau Ameristeel US Inc. v. Ameron Int'l Corp.*, 2014 WL 3639176, at *2 (S.D.N.Y. July 22, 2014) (noting that Federal Rule of Civil Procedure 12(b) applies equally to claims and counterclaims and dismissing counterclaims).